McCORD, Judge.
Carol Peters, the widow of Billy Joe Peters, initiated this action seeking death benefits under the Florida Workers’ Compensation law. She appeals the deputy commissioner’s finding that he did not have jurisdiction to hear her claim because jurisdiction of the claim is under the Defense Base Act (42 U.S.C. § 1651), and jurisdiction under that act is sole and exclusive. We affirm.
On appeal, Mrs. Peters makes no assertion that this claim is not covered under the Defense Base Act. She argues that concurrent jurisdiction exists in the state and federal courts in this case. However, the wording of the Defense Base Act, as recognized in Flying Tiger Lines, Inc. v. Landy, 370 F.2d 46 (9th Cir. 1966), establishes that liability under that act “shall be exclusive and in place of all other liability . . . under the workmen’s compensation law of any state, territory or other jurisdiction ...” 42 U.S.C. § 1651(c). Further, Section 440.-09(2), Florida Statutes, specifically excludes from coverage under Chapter 440 any employee covered by the Federal Employers’ Liability Act, the Longshoremen’s and Harbor Workers’ Compensation Act (LHWCA), or the Jones Act. The Defense Base Act provides that the provisions of the LHWCA shall apply to the injury or death of any employee covered under the act, except as modified in the act. 42 U.S.C. § 1651(a). As an extension of the LHWCA, the Defense Base Act is subject to the Section 440.09(2) exclusion.
AFFIRMED.
ERVIN and JOANOS, JJ., concur.